# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| THE MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS; and THE STATE OF OHIO EX REL. MATHIAS H. HECK, JR., PROSECUTING ATTORNEY, | ) ) ) ) | Case No. 3:18-cv-293 |
| Plaintiffs, | ) ) ) | Action Filed: July 25, 2018 Action Served: July 26, 2018 |
| v. | ) ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; MALLINCKRODT LLC; MALLINCKRODT PLC; SPECGX LLC; and JANE DOES 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) ) ) | |

## DEFENDANT ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Endo Pharmaceuticals Inc. hereby gives notice of removal of this action, captioned *The Montgomery County Board of County Commissioners et al. v. Purdue Pharma L.P. et al.*, bearing case number 2018 CV 03413, from the Court of Common Pleas for Montgomery County, Ohio, to the United States District Court for the Southern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1. This action is one of more than a thousand related lawsuits filed against manufacturers of FDA-approved prescription opioid medications on behalf of state and local governments relating to alleged harms stemming from abuse of these medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio that would include this case and the many others like it, *i.e.*, cases in which "cities, counties and states . . . allege that . . . manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**). As the JPML found in centralizing these cases, "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts." *Id.* at 3. More than a thousand opioid-related actions have been transferred to the MDL, with more (including this action) surely to follow.

2. On July 25, 2018, Plaintiffs filed the Complaint in this action (attached as **Exhibit 2**) in the Court of Common Pleas for Montgomery County, Ohio, against the following

defendants:  Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Mallinckrodt LLC; Mallinckrodt plc; and SpecGx LLC.

3.    As discussed below, all Defendants are citizens of states or foreign states other than Ohio, and the State of Ohio is not a real party-in-interest for purposes of diversity jurisdiction.

4.    A virtually identical opioid-related action filed by the same lawyers was recently removed on the same grounds as this case and is pending in the MDL, where all remand issues will be decided.  *See County of Portage et al. v. Purdue Pharma L.P. et al.*, No. 1:18-op-45993-DAP (N.D. Ohio), Doc. 1 (Not. of Removal).  As numerous courts in opioid-related actions have recognized, judicial economy would be furthered if all removal questions were addressed by the MDL Court following the transfer of this case to the MDL.  *See Village of Melrose Park et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-05288 (N.D. Ill.), Doc. 26 (August 10, 2018 Minute Entry Staying Case); *Robinson Rancheria v. McKesson Corporation et al.*, No. 3:18-cv-02525-VC (N.D. Cal.), Doc. 23 (July 16, 2018 Order Granting Motions to Stay); *Polk County v. Purdue Pharma L.P. et al.*, No. 8:18-cv-1814-VMC-AAS (M.D. Fla.), Doc. 3 (July 27, 2018 Order Staying Case); *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order Granting Stay); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay); *City of Miami v. Purdue Pharma L.P. et al.*, No. 1:18-cv-21920-KMM (S.D. Fla.), Doc. 7

(May 22, 2018 Order Staying Proceedings); *Levy County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00100-MCR-GRJ (N.D. Fla.), Doc. 26 (July 5, 2018 Order Staying Case).

5.      Endo Pharmaceuticals Inc. received the Complaint through service on July 26, 2018.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on Endo Pharmaceuticals Inc. is attached hereto as **Exhibit 2**.  A copy of the state court docket, all orders served on Endo Pharmaceuticals Inc. and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Montgomery County, Ohio, where the Complaint was filed, is a state court within the Southern District of Ohio.

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the real Plaintiffs-in-interest and all Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE REAL PLAINTIFFS-IN-INTERST AND ALL DEFENDANTS

8.      There is complete diversity of citizenship here because the real Plaintiffs-in-interest are Ohio citizens and all of the Defendants are citizens of states or foreign states other than Ohio.

### A.      Plaintiffs-In-Interest Are Ohio Citizens

9.      Plaintiff Montgomery County Board of County Commissioners is a citizen of Ohio for purposes of diversity jurisdiction.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973)

(holding that Alameda County is a California citizen for purposes of diversity jurisdiction); *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968).

### B.     The State of Ohio Is Not a Real Party-In-Interest

10.     "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In particular, "[w]hen a state is named as a party, federal courts must determine the real-party-in-interest, rather than simply relying on the names of the parties, to determine if there is diversity jurisdiction." *Berkowitz v. Brahma Inv. Grp., Inc.*, No. 1:14CV543, 2014 WL 4206946, at *2 (S.D. Ohio Aug. 25, 2014).

11.     Plaintiffs allege that one of their seven causes of action, statutory public nuisance, is brought "in the name of the State of Ohio pursuant to the statutory authority granted under R.C. § 3767.03, to abate a public nuisance and to enjoin further maintenance of the nuisance." (*Id.* ¶ 305; *see also id.* ¶ 28.) Putting aside the defects of this claim, this allegation does not make the State of Ohio a real party-in-interest for purposes of federal diversity jurisdiction. In materially identical circumstances, this Court has held that the State of Ohio is not a real party-in-interest in determining diversity jurisdiction because, among other reasons, the relief sought will not inure to the state alone. *E.g.*, *Berkowitz*, 2014 WL 4206946, at *2-3 (denying remand motion where City of Norwood law director brought nuisance claim "in the name of the state of Ohio" under R.C. § 3767.03, holding that "the State of Ohio is not the real-party-in-interest").

### C.     None of the Defendants Is a Citizen of Ohio

12.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct.

1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005). A limited liability company is a citizen of every state in which its members are citizens. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

13.      Applying these principles, none of the Defendants is a citizen of Ohio.

14.      Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (Compl. ¶ 35.)

15.      Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

16.      Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio. (*See id.* ¶ 29.) Its partners are citizens of New York, Connecticut, Delaware, Texas, the British Virgin Islands, and Jersey, Channel Islands.

17.      Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut. (*Id.*)

18.      Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut. (*Id.*)

19.      Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania. (*Id.* ¶ 31.)

20.      Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.*)

21.      Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 33.)

22.      Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

23.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

24.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

25.     Defendant Mallinckrodt plc is an Irish public limited company headquartered in Staines-Upon-Thames, Surrey, United Kingdom.  (*Id.* ¶ 37.)

26.     Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware (*see id.*), none of whose members are citizens of Ohio.  Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.  Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a citizen of California; Ludlow Corporation, a citizen of Massachusetts; and Mallinckrodt ARD Finance LLC.  Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a citizen of California.

27.     Defendant SpecGx LLC is a limited liability company organized under the laws of Delaware (*see id.*), none of whose members are citizens of Ohio.  SpecGx LLC's sole member is Mallinckrodt LLC.  Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.  Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a citizen of California; Ludlow Corporation, a citizen of Massachusetts; and Mallinckrodt ARD Finance LLC.  Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a citizen of California.

28.     Accordingly, all of the Defendants are citizens of states or foreign states other than Ohio.

### D.    The Citizenship of Doe Defendants Should Be Ignored

29.    The citizenship of the unnamed, unidentified Jane Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

30.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

31.    Plaintiffs assert that Montgomery County has spent $37.8 million "to address the opioid epidemic . . . including expenses related to preventative information, education, and programing, Naloxone and other crisis intervention services, criminal justice services, ambulatory withdrawal management, recovery housing, residential withdrawal management, and other addiction treatment services." (Compl. ¶ 291.)  Plaintiffs seek compensatory damages "in an amount in excess of $25,000 sufficient to . . . completely compensate for all damages alleged herein," as well as punitive and treble damages.  (*Id.* Prayer for Relief ¶¶ F-H.)  Plaintiffs also seek disgorgement of Defendants' revenues (*id.* Prayer for Relief ¶ I), which Plaintiffs allege to be in the billions of dollars (*id.* ¶ 24).  It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.  ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.  This Notice of Removal Is Timely

32.     This Notice of Removal is timely filed.  Endo Pharmaceuticals Inc. received the Complaint through service on July 26, 2018.  Because Endo Pharmaceuticals Inc. filed the Notice of Removal on August 23, 2018, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.  All Properly Joined And Served Defendants Consent to Removal

33.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

34.     The following properly served Defendants consent to removal, as indicated by their signing below:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.;  Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Mallinckrodt LLC; and SpecGx LLC. *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

35.     The following Defendants have not been properly served, and thus their consent to removal is not required:  Mallinckrodt plc, Johnson & Johnson, and Endo Health Solutions Inc. Nevertheless, they consent to removal.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

36.     By filing this Notice of Removal, neither Endo Pharmaceuticals Inc. nor any other Defendant waives any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Endo Pharmaceuticals Inc.

requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo Pharmaceuticals Inc. hereby removes this action from the Court of Common Pleas, Montgomery County, to the United States District Court for the Southern District of Ohio.

DATED: August 23, 2018

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendant
ENDO PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendant ENDO HEALTH SOLUTIONS INC.:

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
PURDUE PHARMA L.P., PURDUE PHARMA
INC., and THE PURDUE FREDERICK
COMPANY INC.:

/s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Mark S. Cheffo*
DECHERT LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
Mark.Cheffo@dechert.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC., and
CEPHALON, INC.:

/s/ Wendy West Feinstein
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC., ORTHO-MCNEIL-
JANSSEN PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC., and
JANSSEN PHARMACEUTICA, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.:

/s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac vice admission

Consent to removal on behalf of Defendants
MALLINCKRODT LLC, MALLINCKRODT
PLC[1], AND SPECGX LLC:

/s/ Marc J. Kessler
Marc J. Kessler (0059236)
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 221-0240
Facsimile: (614) 221-5909
mkessler@hahnlaw.com

Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com
*denotes national counsel who will seek pro hac vice admission

---

[1] Mallinckrodt plc, an Irish Company, has not been properly served and expressly reserves all defenses related to personal jurisdiction and service of process.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following

by regular United States mail, postage prepaid:

Mathias H. Heck, Jr.
Montgomery County Prosecuting Attorney
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422

Mary E. Montgomery
Assistant Montgomery County Prosecuting
Attorney
Chief, Civil Division
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422

Linda Singer
Elizabeth Smith
MOTLEY RICE LLC
401 9th Street NW
Suite 1001
Washington, DC 200024

Lisa Saltzburg
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464

*Attorneys for Plaintiffs*

Daniel J. Buckley
VORYS, SATER, SEYMOUR and
PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

Mark S. Cheffo
DECHERT LLP
Three Bryant Park, 1095 Avenue of the
Americas
New York, NY 10036-6797

*Attorneys for Defendants Purdue Pharma L.P.,
Purdue Pharma Inc., and The Purdue Frederick
Company Inc.*

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339

*Attorneys for Defendants Teva Pharmaceuticals
USA, Inc. and Cephalon, Inc.*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson,
Janssen Pharmaceuticals, Inc., Ortho-McNeil-
Janssen Pharmaceuticals, Inc. n/k/a Janssen
Pharmaceuticals, Inc., and Janssen
Pharmaceutica, Inc. n/k/a Janssen
Pharmaceuticals, Inc.*

Marc J. Kessler
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Attorneys for Defendants Mallinckrodt LLC,
Mallinckrodt plc and SpecGx LLC*

Dated: August 23, 2018

/s/ Carole S. Rendon
*Attorney for Defendant Endo Pharmaceuticals Inc.*